**POPE & TALBOT, INC., Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

Nos. 73-3043, 73-3076.

United States Court of Appeals, Ninth Circuit.

April 21, 1975.

---

* Honorable Robert R. Merhige, Jr., United States District Judge for the Eastern District of Virginia, sitting by designation.

William H. Kinsey (argued), Portland, Ore., for appellant.

Leonard J. Henzke, Jr. (argued), I. R. S., U. S. Dept. of Justice, Washington, D. C., for appellee.

## OPINION

Before KILKENNY and SNEED, Circuit Judges, and WOLLENBERG,* District Judge.

PER CURIAM:

This case involves an appeal from the Tax Court, 60 T.C. 74 (1973), and is concerned with the interaction of sections 1201(a) and 631(a), Internal Revenue Code of 1954, as applied to a taxpayer who elected to consider his cutting of timber as a sale or exchange pursuant to section 631(a). The taxable years in question are 1966 and 1967.

Under section 631(a) the cutting of timber by a taxpayer who has elected its benefits and who meets the 6 months holding period is treated as capital gain to the extent of the difference between the fair market value, determined as of the first day of the taxable year in which cut, and the adjusted basis for depletion of such timber. This fair market value is also treated as the cost of such timber "for all purposes for which such cost is a necessary factor." In computing the alternative tax, made available by section 1201(a) to corporations whose net long term gains exceed net short term capital losses, capital gains derived from timber cutting may be quite large, other income quite small, and expenses and deductions (including cost of goods sold derived in substantial part from the fair market value of cut timber) quite large. Under such circumstances the issue arises whether any excess of such expenses and deductions over other income can be used to reduce the capital gains from timber cutting in computing the alternative tax. The failure to permit such reduction results in situations in which the alternative tax is

* Honorable Albert C. Wollenberg, United States District Judge, Northern District of California, sitting by designation.

greater than the normal corporate rate of tax applied to all taxable income including capital gains. When this is the case the proper tax is that computed without reference to the alternative tax. Capital gains, as a result, are treated as other income. This is the situation here. The taxpayer insists that such a reduction is required. The Commissioner thinks differently and assessed deficiencies based on his view.

The Tax Court held for the Commissioner. We affirm. The Tax Court's opinion dealt properly with all the contentions of the taxpayer and nothing would be added by our repetition of the views there expressed. We find them convincing.

Affirmed.